# Mitchell's Appeal.

*Will—Debts of decedent—Charge on land—Lien.*

Debts which are not made a charge on land by the will of the testator, and an express trust created for their payment, will lose their lien by limitation in the statutory period.

Argued April 19, 1897.  Appeal, No. 572, Jan. T., 1896, by Elizabeth Mitchell, from appeal of C. P. Huntingdon Co., Execution Docket, No. 2, Sept. T., 1896, distributing proceeds of sheriff's sale of real estate of Thomas Mitchell.  Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ.  Affirmed.

Exception to report of J. F. Schock, Esq., auditor to distribute proceeds of sheriff's sale of real estate.

This case grows out of the will of Samuel Mitchell, deceased, and the principal facts are stated in Mitchell's Estate, ante, p. 530. The court in that case having refused to grant an order to the executor to sell the real estate of the decedent for the payment of debts, also refused to stay the writ of fieri facias against Thomas Mitchell; and the land devised to him by Samuel Mitchell, deceased, having been sold at sheriff's sale, the auditor to distribute the fund rejected the claim of appellant, who was a creditor of testator.

*Error assigned* was dismissing exceptions to auditor's report.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 11, 1897 :

This case was argued with the appeal in Samuel Mitchell's Estate, No. 505, of January term, 1896, in which an opinion has just been filed affirming the decree of the orphans' court. The questions considered and decided in that case virtually dispose of the questions presented by the record in this case, and require that the decree of the court below be affirmed.  There is nothing in either of the specifications of error that requires discussion.  For reasons which sufficiently appear in the record of this case, and in the opinion above referred to, the learned judge was clearly right in dismissing appellant's exception to the auditor's report, etc., and in discharging rule to show cause.

Decree affirmed and appeal dismissed at appellant's cost.